PEOPLE v. MOSER.

(Supreme Court, Appellate Division, Second Department.   April 24, 1914.)

SEDUCTION (§ 45*)—SUFFICIENCY OF EVIDENCE.

Evidence, in a prosecution for seduction under a promise of marriage, *held* not to sustain a conviction.

[Ed. Note.—For other cases, see Seduction, Cent. Dig. §§ 80–82;  Dec. Dig. § 45.*]

Appeal from Queens County Court.

Frederick Moser was convicted of seduction under promise of marriage, and appeals from the judgment of conviction and an order denying his motion for a new trial. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Charles A. Woods, of Long Island City (Eugene N. L. Young, of Long Island City, on the brief), for appellant.

Matthew J. Smith, Dist. Atty., of Long Island City, for the People.

PER CURIAM.  Unaided by a brief for the respondent, promised after delay but not forthcoming, we have considered with care the evidence.  It appears that as early as Christmas, 1911, the complainant and defendant were engaged to be married, and that at some time they had sexual intercourse resulting in the complainant's pregnancy. The indictment charges that on or about July 9th the defendant seduced her "by means of a promise of marriage."  The complainant fixes the offense on the 9th day of July, 1911, at about 8 p. m., at her house, and denies intercourse at any other time.  The difficulty is that the complainant is not only uncorroborated as to the time and place when the act was done, but the testimony of the witnesses Loeffler, Lemmo, and Mrs. Moser show that the complainant on that evening was in their company on a trolley ride.  The complainant's mother testified to a conversation with the defendant, but did not make definite

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the date of the occurrence to which her conversation with defendant refers, and the testimony of the other witnesses is not more helpful.

This condition of the evidence requires a new trial, and this court expects that in the interests of justice it will be had promptly. While there was no exception, the court's charge at folio 364 seems to take from the jury a fact that it was its province to determine.